United States Court of Appeals
Fifth Circuit

**F I L E D**

**May 24, 2004**

Charles R. Fulbruge III
Clerk

**UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT**

04-30029
Summary Calendar

JENNIFER A CREDEUR, individually and on behalf of her deceased
husband, Robert S. Credeur and the Estate of Robert S. Credeur,

Plaintiff-Appellant,

VERSUS

UNITED STATES OF AMERICA,

Defendant-Appellee.

Appeal from the United States District Court
For the Middle District of Louisiana
(98-CV-798)

Before SMITH, DUHÉ, and WIENER, Circuit Judges.

PER CURIAM:[1]

This case presents the question whether in an outpatient
setting a psychiatrist owes a duty to third persons to protect
against harm from a patient's tortious conduct apart from those
duties addressed in Louisiana Revised Statute, section 9:2800.2.
The district court granted summary judgment for Defendant, holding
that a psychiatrist owes no duty to third persons beyond any
imposed under the statute, and that the statute is not applicable

---

[1] Pursuant to 5TH CIR. R. 47.5, the Court has determined that
this opinion should not be published and is not precedent except
under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

under the undisputed facts.  We agree and affirm.

## I.

For over forty years Joseph Owens has been mentally ill, in and out of Veterans' Administration hospitals both upon his own request and through involuntary commitments.  Defendant the United States is allegedly liable through the actions of the Veteran's Administration and the psychiatric physicians who treated Owens over the years.  One Dr. John Simpson evaluated Owens a few times during the 1990's, most notably four days before the August 1994 accident and fatality at issue in this case.  Driving the wrong way in an on-coming lane of traffic, Owens struck the Credeur vehicle head-on, injuring Plaintiff Jennifer Credeur and killing her husband Robert Credeur.

## II.

We determine liability under the Federal Tort Claims Act[2] in accordance with the laws of the state where the act or omission occurred,[3] Louisiana in this case.  We review summary judgment de novo, applying the same standard as the district court.

## III.

The parties do not dispute that Dr. Simpson and the Veterans'

---

[2]  28 U.S.C. § 2671 et seq.

[3]  28 U.S.C.A. § 2674 (United States liable under FTCA "in the same manner . . . as a private individual under like circumstances"); <u>Ferrero v. United States</u>, 603 F.2d 510, 512 (5th Cir. 1979) (FTCA claim governed by law of the state where the tort occurred).

2

Administration owed no statutory duty to warn, because the statute applies only to "clearly identified victims," not the general public.[4] Owens did not even know the Credeurs when this accident occurred and certainly made no threat against them as identified victims.

Under plaintiff's interpretation, the statute provides no limitation on a psychotherapist's duty to third persons to control or protect against violent propensities of a patient, a duty recognized in <u>Estates of Morgan v. Fairfield Family Counseling</u>

---

[4] The pertinent statute has three subsections providing as follows:

A. When a patient has communicated a threat of physical violence . . . against a clearly identified victim or victims, . . . the psychiatrist . . . treating such patient and exercising reasonable professional judgment, shall not be liable for a breach of confidentiality for warning of such threat or taking precautions to provide protection from the patient's violent behavior.

B. A . . . psychiatrist's . . . duty to warn or to take reasonable precautions to provide protection from violent behavior arises only under the circumstance specified in Subsection A of this Section. This duty shall be discharged by the . . . psychiatrist . . . if the treating professional makes a reasonable effort to communicate the threat to the potential victim or victims and to notify law enforcement authorities in the vicinity of the patient's or potential victim's residence.

C. No liability or cause of action shall arise against any psychologist, psychiatrist . . . based on an invasion of privacy or breach of confidentiality for any confidence disclosed to a third party in an effort to discharge the duty arising under Subsection A of this Section.

La. Rev. Stat. Ann. § 9:2800.2 (West Supp. 2004).

Center.[5]  We disagree because a Louisiana statute does provide a limitation on the duty owed third persons.  Morgan does not persuade since it was decided in another jurisdiction and not under the applicable statute.[6]

Here a statute on point declares that "A . . . psychiatrist's . . . duty to warn or to take reasonable precautions to provide protection from violent behavior **arises only under the circumstance specified**" in that statute.[7]  That specified circumstance is that the "patient has communicated a threat of physical violence . . . against a clearly identified victim or victims"[8] — a circumstance all parties to this action admit was not present.

Plaintiff's attempt to distinguish the duty to warn from the duty to control is to no avail.  This statute limits not only the duty to warn but also the duty "to take reasonable precautions to provide protection from violent behavior."[9]  The limited

---

[5]  Estates of Morgan v. Fairfield Family Counseling Ctr., 673 N.E.2d 1311, 1324 (Oh. 1997).

[6]  Plaintiff cites CHG Finance Company v. Lea, 127 So. 2d 534, 539 (La. 1961), for the principle that decisions of other jurisdictions, though not controlling, possess persuasive effect if they determine a practically identical issue.  Since a statute governs the case, more to the point is Bell v. Jet Wheel Blast, 462 So. 2d 166, 170 (La. 1985), which states that when there is precise rule intended by the legislature to govern the case, it is binding on the court.

[7]  La. Rev. Stat. Ann. § 9:2800.2B (emphasis added).

[8]  Id. § 9:2800.2A.

[9]  Id. § 9:2800.2B.

4

circumstance under which a psychiatrist could owe either duty to third persons did not arise in this case.

IV.

Under the stipulated facts and the applicable law, Defendant had no duty to third persons to provide protection from Owen's violent behavior.

AFFIRMED.